IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES B. MASELLI,

    Plaintiff,

v.                                            CASE NO. 1:07-cv-00091-MP-WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 25, Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner denying Plaintiff's application for Social Security benefits be reversed, and this case remanded for further proceedings. The Magistrate Judge filed the Report and Recommendation on Friday, January 25, 2008. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of those portions to which an objection has made. In this instance, however, no objections to the Report and Recommendation have been filed.

The Magistrate's Report recommends that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). The standard of review established by § 405(g) requires that the Commissioner's decision be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). The Administrative Law Judge ("ALJ") concluded that because Plaintiff has the residual functional capacity to do a full range of light work, with some

limitations, he was not disabled under the Social Security Act.  Plaintiff contends that the ALJ erred by failing to give adequate reasons, supported by substantial evidence, for discounting his treating physician's opinion, and for discounting his subjective complaints of pain.  Because of this, Plaintiff argues that record shows that the ALJ's decision is not supported by substantial evidence and must be reversed.

As the Magistrate points out, the opinion of a claimant's treating physician must be accorded considerable weight by the Commissioner unless good cause is shown to the contrary, and the reasons for giving little weight to the opinion of a treating physician must be supported by substantial evidence.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Marbury v. Sullivan, 957 F.2d 837, 841 (11th Cir. 1992).  The Magistrate concludes that the ALJ's reasons in discounting the opinion of Dr. Martin are supported by substantial evidence in the record.  Likewise, the Magistrate finds that although several reasons given for discounting Plaintiff's testimony are not based upon substantial evidence in the record, because several other reasons are supported by substantial evidence, the ALJ correctly followed the law in basing his determination as to the weight to be given to Plaintiff's testimony.  The Magistrate recommends that these portions of the ALJ's decision be upheld, and the Court agrees.

The Magistrate, however, recommends that the ALJ's decision be reversed and remanded to obtain vocational testimony and a neurological examination.  Because of the combination of Plaintiff's impairments, and the need for a better medical understanding of Plaintiff's injuries, the Court agrees with the Magistrate that the Commissioner's decision denying Plaintiff's application for Social Security benefits must be reversed and remanded in order to obtain a consultative neurological examination and testimony from a vocational expert.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 25, is adopted and incorporated by reference in this order.

2. The Commissioner's decision denying benefits is reversed, and this case is remanded to the Commissioner of Social Security for rehearing pursuant to sentence four of 42 U.S.C. § 405(g) to obtain a consultative neurological examination and testimony from a vocational expert.

3. If on remand Plaintiff is awarded past-due benefits, Plaintiff's attorney must file any request for attorney's fees under 42 U.S.C. § 406(b) no later than 14 days from the date the Commissioner, pursuant to 42 U.S.C. § 406(a)(2)(D)(i), provides the claimant with written notice of the dollar amount of the past-due benefits.

4. The Clerk is directed to close this case.

**DONE AND ORDERED** this  _28th_ day of February, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge